———o———

## 5546.

### (Court of Appeal, Parish of Orleans.)

## E. C. JOULLIAN & E. C. JOULLIAN CANNING COM-PANY vs. NATHANIEL G. SCOTT.

An amendment to an answer is permissible, provided it does not substantially alter the original defense.

Appeal from the Civil District Court, Division "B."

John Dymond, Jr., A. G. Levy, for plaintiff and appellant.

Emile Pomes, for defendant and appellee.

GODCHAUX, J.—In these consolidated cases plaintiffs sue to recover two months' rental of two barges and a gasoline motor boat leased for that period to defendant, who returned same to plaintiff long prior to the expiration of the lease on the ground that they were unfit for the purpose for which they were leased, namely, to trans-

port shells; the defendant setting up that the plaintiffs fraudulently and falsely represented to him that the motor boat was in good operative condition and that both it and the barge had a draft when loaded with cargo, that would permit of their navigation in the waters in which the written lease itself indicates they would be used. The lower Court dismissed plaintiff's demand and on the other hand partially allowed the claim which defendant set up in reconvention for damages suffered through the condition of the vessels.

The appellant first complain that no evidence should have been received of the alleged false and fraudulent representation on the ground that such matter was pleaded in supplemental answer and that thereby the substance of the defenses set up in the original answer had been essentially changed. The complaint had no merit for the reason that the supplemental answer merely sets forth with greater amplification and detail the defenses pleaded in the original answer and in no manner materially changed them. The case of **Jamison vs. Cullum & Co., 110 La., 781**, is consequently without application.

On the merits defendant has proved that the draft of the barges is too great when they are loaded with cargo to permit of their use for the purposes intended, and that during the thirty days in which defendant had possession of the gasoline boat it constantly broke down and ran aground and was successfully operated but upon two occasions. Plaintiffs contend that their representations referred to the draft of the vessels when "light," that is not laden with cargo, but the defendant's contention on this score is supported by the preponderance of the testimony as well as by the findings of the Judge below, who saw and heard the witnesses. Moreover it is more

plausable that the defendant solicited and secured of plaintiffs information as to the draft of the vessels when loaded with cargo and in operation for the purposes contemplated. Their draft when not in use was wholly immaterial.

The Court finds that the plaintiffs' claim has not been established and that consequently they are not entitled to recover.

While defendant has asked that the judgment in reconvention be increased, he has not seriously pressed his demand for this relief either in argument or in brief and has failed to disclose wherein the judgment is faulty on this branch of the case.

The Court finds no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

April 29th, 1912.

———o———

5492.

(Court of Appeal, Parish of Orleans.)